UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| JUANITA M. ARIOLA, | ) | No. 11 B 25828 |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

**MEMORANDUM OPINION AND ORDER**
**REGARDING COUNSEL FOR DEBTOR'S AMENDED FEE APPLICATION**

Before the Court is the amended application for compensation filed by the debtor's attorney Ted A. Smith ("Smith") on March 1, 2012. For the reasons set forth below, the Court grants the amended application in the amount of $7,130.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**Background**

On June 21, 2011, Juanita M. Ariola (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] Attached to the petition is a Court-Approved Retention Agreement signed by the Debtor and Smith, in which Smith agreed to a $3,500 flat fee for his services. This case was filed as a small-business Chapter 13 case; the Debtor owned and operated a six-unit income-producing rental property located at 2720 West 18th Street, Chicago, Illinois (the "Property"). One of the Debtor's secured creditors, Witwicki Group, LLC

[1] The Court takes judicial notice of the docket in this case, including all documents and pleadings filed, all orders entered, and all arguments made at the hearings held before the Court during the pendency of this case. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006). Unless otherwise noted, all statutory and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, and the Federal Rules of Bankruptcy Procedure.

("Witwicki"), has a security interest in the Property based on a mortgage, note, and assignment of rents executed in favor of Witwicki's predecessor, Metropolitan Bank and Trust Company. Pursuant to the assignment of rents, Witwicki has a lien on the cash collateral generated by the Property. Prior to the commencement of this case, Witwicki obtained an order from the Circuit Court of Cook County granting Witwicki possession of each residential unit in the Property, except the two units occupied by the Debtor and the non-debtor obligors, and permitting Witwicki, as mortgagee-in-possession of the Property in the foreclosure action, to take charge of the Property, collect rents, and do all things necessary to preserve and protect the Property.

On July 11, 2011, Witwicki filed a motion for relief from the automatic stay. Witwicki asserted that it was entitled to stay relief "for cause," based on lack of adequate protection for its interests given, among other things, the Debtor's use of rental proceeds collected on the Property without prior court approval as required by § 363(c)(2). On July 20, 2011, the Debtor filed a motion for use of cash collateral. Witwicki opposed the motion. The Debtor subsequently filed a response to Witwicki's motion for relief from stay. In addition, Witwicki filed a so-called Motion for Abstention, in which Witwicki asked the Court to waive the turnover requirement of § 543(b)(1) or, in the alternative, to abstain from ruling on the turnover issue until after the Court had ruled on the motion for relief from stay.

The motion for relief from stay was ultimately resolved with a repayment/default order. The order required the Debtor to make adequate protection payments to Witwicki and conditionally granted relief from stay should Debtor fail to comply with the terms of the order. The Court entered a separate order excusing Witwicki, as mortgagee-in-possession, from complying with the turnover requirement of § 543(b)(1). The cash collateral motion led to a

Rule 2004 motion to compel the production of rent rolls and leases for the Property, as well as a Rule 7037(b)(2) motion for sanctions, both filed by Witwicki.

On December 7, 2011, Witwicki's attorneys, Golan & Christie LLP, filed a Motion for Allowance of Fees and Costs of Collection, seeking $18,095.66 in fees and costs. The Debtor opposed the motion. The Court entered an order on February 3, 2012 awarding Witwicki's attorneys $13,768.50 in fees and $254.50 in costs, for a total of $14,023.

On January 22, 2012, Smith filed an application for compensation, seeking $14,550 for 48.5 hours of work at the rate of $300 per hour. Smith checked the box indicating that he and the Debtor had not entered into the Court-Approved Retention Agreement. On March 1, 2012, Smith filed the amended application for compensation, clarifying that he and the Debtor had in fact entered into the Court-Approved Retention Agreement. The applications are identical in all other respects.

A hearing was held before the Honorable Donald R. Cassling on February 29, 2012 on Smith's fee application. Witwicki appeared at the hearing. Judge Cassling gave Witwicki leave to file a response, and the matter was continued to March 21, 2012. At the hearing held before this Court on March 21, the Chapter 13 Trustee joined in Witwicki's opposition to the amended application and asserted that there was nothing extraordinary about this case to warrant fees in excess of the flat fee. The Court took the matter under advisement.

**Discussion**

Local Bankruptcy Rule 5082-2 governs applications for compensation and reimbursement for professional services in Chapter 13 cases.[2] Attorneys who enter into the Court-Approved Retention Agreement are responsible for representing the debtor in all matters

---

[2] For a history of the implementation of this rule, see *In re Brent*, 458 B.R. 444, 450–52 (Bankr. N.D. Ill. 2011); *In re Andreas*, 373 B.R. 864, 871–72 (Bankr. N.D. Ill. 2007).

arising in the case and receive a flat fee for services outlined in the agreement. By entering into the Court-Approved Retention Agreement Smith agreed, among other things before the case was filed, to "[p]ersonally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later." Local Bankruptcy Form 23c. He also agreed, after the case was filed, to:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan

payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

*Id.*

Under Local Rule 5082-2, "[i]f debtor's counsel and the debtor have entered into the Court-Approved Retention Agreement, counsel may apply for a Flat Fee not to exceed the amount authorized by the applicable General Order." The flat fee is currently set at $3,500. General Order No. 07-02. The Court-Approved Retention Agreement allows debtor's counsel to apply to the Court for additional compensation "[i]n extraordinary circumstances, such as extended evidentiary hearings or appeals." Local Bankruptcy Form 23c.

Notwithstanding Smith's agreement to the flat fee pursuant to the Court-Approved Retention Agreement, he now seeks approval of a fee of $14,550, which is $11,050 over the court-authorized flat fee. The issue before the Court is whether this case presents "extraordinary circumstances" that would warrant the additional fee.

This is not an entirely ordinary Chapter 13 case because the Debtor operated a small business. Thus, Smith had to prepare motions relating to the business. Smith also had to respond to an extremely active secured creditor, Witwicki. In reviewing both the history of activity in this case and Smith's itemized time records, the following matters stand out as

extraordinary services for which additional compensation is warranted: "Respond to Motion Rule 2004" (120 minutes), "Review Motion for Abstention" (50 minutes), "Respond [to] Motion for Abstention" (120 minutes), and "Respond to Motion for Sanctions" (120 minutes). The Court also finds that the related "Court Appearances" for these matters likewise were extraordinary services: 7 minutes on September 7, 2011;[3] 45 minutes on September 14, 2011;[4] 6 minutes on September 21, 2011;[5] 9 minutes on October 19, 2011;[6] and 6 minutes on November 9, 2011.[7] The related "Discussions with Client" were likewise extraordinary: 65 minutes on September 6, 2011 and 45 minutes on September 13, 2011.[8] It is unclear what other discussions, if any, relate to these motions.

---

[3] This relates to the September 7, 2011 itemization for "Court Appearance" (35 minutes). Five matters were scheduled for this return date: Witwicki's Rule 2004 motion (ECF No. 54), Witwicki's motion to dismiss the case (ECF No. 41), Witwicki's motion for relief from the automatic stay (ECF No. 12), the Debtor's cash collateral motion (ECF No. 17), and the confirmation hearing. The Court allocates 7 minutes to each.

[4] This relates to the September 14, 2011 itemization for "Court Appearance" (45 minutes). The motion for abstention (ECF No. 52) was the only matter scheduled for this return date.

[5] This relates to the September 21, 2011 itemization for "Court Appearance" (35 minutes). Six matters were scheduled for this return date: Witwicki's motion to dismiss the case (ECF No. 41), Witwicki's motion for relief from the automatic stay (ECF No. 12), Witwicki's motion for abstention (ECF No. 52), the Debtor's cash collateral motion (ECF No. 17), the Debtor's Objection to Claim 4-1 of Witwicki (ECF No. 35), and the confirmation hearing. The Court allocates 6 minutes to each.

[6] This relates to the October 19, 2011 itemization for "Court Appearance" (55 minutes). Six matters were scheduled for this return date: Witwicki's motion to dismiss the case (ECF No. 41), Witwicki's motion for relief from the automatic stay (ECF No. 12), Witwicki's motion for sanctions (ECF No. 69), the Debtor's cash collateral motion (ECF No. 17), the Debtor's Objection to Claim 4-1 of Witwicki (ECF No. 35), and the confirmation hearing. The Court allocates 9 minutes to each.

[7] This relates to the November 9, 2011 itemization for "Court Appearance" (35 minutes). Six matters were scheduled for this return date: Witwicki's motion to dismiss the case (ECF No. 41), Witwicki's motion for relief from the automatic stay (ECF No. 12), Witwicki's motion for sanctions (ECF No. 69), the Debtor's cash collateral motion (ECF No. 17), the Debtor's Objection to Claim 4-1 of Witwicki (ECF No. 35), and the confirmation hearing. The Court allocates 6 minutes to each.

[8] In reviewing Smith's application, the Court notes that some of Smith's time records lack the detail desirable in an application for compensation. *See* Fed. R. Bankr. P. 2016(a) (requiring a detailed statement of the services rendered). The Court, thus, had to rely on certain assumptions in allocating vague entries such as *Court Appearance* or *Discussions with Client* to specific services. For instance, when a court appearance was required on more than one motion on the same return date, the Court deemed the appearance time to be allocated evenly among the motions. When discussions occurred on the eve or in the wake of the filing date or return date for a particular motion, the Court deemed the discussions to be related to that motion. To the extent Smith can supplement his application to more specifically describe the time and specific nature of the various court appearances and

With the exception of "Preparation of Motion for Use of Cash Collateral" (125 minutes), the itemized services for the cash collateral motion, and their related court appearances, also stand out as extraordinary. While cash collateral motions are not typical in Chapter 13 cases, the need for such a motion could have been anticipated in this case, where the Debtor's principal creditor holds a lien on the Property and an assignment of rents. Thus, the Court does not find the initial cash collateral motion to be extraordinary. Less ordinary, however, was the significant opposition with which it was met. The cash collateral motion engendered a flurry of additional motions, including Witwicki's Rule 2004 motion to compel the production of rent rolls and leases for the Property and Witwicki's Rule 7037(b)(2) motion for sanctions. The Court therefore finds the following services to be extraordinary: "Prepare Reply to Cash Collateral Motion" (45 minutes) and "File Reply to Cash Collateral Motion" (10 minutes). The Court finds that the related "Court Appearances" include 15 minutes on August 17, 2011;[9] 7 minutes on September 7, 2011;[10] 6 minutes on September 21, 2011;[11] 9 minutes on October 19, 2011;[12] 6 minutes on November 9, 2011;[13] and 7 minutes on December 7, 2011.[14] Finally, the Court finds

---

discussions with the Debtor as being related to the extraordinary services identified herein, the Court would consider awarding further fees for these matters.

[9] This relates to the August 17, 2011 itemization for "Court Appearance" (45 minutes). Three matters were scheduled for this return date: Witwicki's motion for relief from the automatic stay (ECF No. 12), the Debtor's cash collateral motion (ECF No. 17), and the confirmation hearing. The Court allocates 15 minutes to each.

[10] See *supra* note 3.

[11] See *supra* note 5.

[12] See *supra* note 6.

[13] See *supra* note 7.

[14] This relates to the December 7, 2011 itemization for "Court Appearance" (35 minutes). Five matters were scheduled for this return date: Witwicki's motion to dismiss the case (ECF No. 41), Witwicki's motion for relief from the automatic stay (ECF No. 12), the Debtor's cash collateral motion (ECF No. 17), the Debtor's Objection to Claim 4-1 of Witwicki (ECF No. 35), and the confirmation hearing. The Court allocates 7 minutes to each.

that the related "Discussion with Client" includes 25 minutes on August 9, 2011. It is unclear what other discussions, if any, relate to the cash collateral hearings.

The Court thus concludes that the total time spent on extraordinary services was 723 minutes, or 12.1 hours, rounded to the nearest tenth of an hour. At the rate of $300 per hour, this results in additional fees of $3,630.

The remaining itemized services appear ordinary and within the scope of services contemplated by the Court-Approved Retention Agreement. Services such as meeting with the client; collecting documents; filing the petition, plan, and schedules; making ordinary court appearances; and responding to motions to dismiss the case and motions for relief from stay are all required under the Court-Approved Retention Agreement. The Court therefore denies fees in excess of the $3,500 flat fee for these services.

**Conclusion**

Based upon the foregoing, attorney Ted A. Smith is entitled to fees of $3,630 in addition to the $3,500 flat fee, for a total of $7,130. It is hereby

ORDERED, that the amended application for compensation is granted in the amount of $7,130 and denied as to the remaining amounts.

Date: April 9, 2012

Honorable Janet S. Baer
United States Bankruptcy Judge